IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY L. SHIVERS, III,<br><br>            Petitioner,<br><br>    vs.<br><br>GROVER TRASK, District Attorney,<br><br>            Respondent.<br>_____/ | 1:06-cv-1587-AWI-TAG HC<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST STATE COURT REMEDIES<br><br>[Doc. 1] |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    The Court has reviewed the petition and finds that it contains claims that have not been exhausted through the state court remedies.  The petition fails to set forth any specific information about Petitioner's conviction, sentence, or present circumstances.  The petition appears to allege that Petitioner was sentenced by the Hon. Robert G. Spitzer, Riverside County Superior Court, on an undisclosed date prior to 1998. (Doc. 1, p. 4).   It also appears that the California Department of Corrections and Rehabilitation ("CDCR") has, since that time, been advising Judge Spitzer that the CDCR believes that the abstract of judgment may contain errors that would affect the execution of Petitioner's sentence.  (Doc. 1, pp. 4-11).  However, correspondence attached to the petition indicates that Judge Spitzer has not responded to the CDCR's inquiries.  It does not appear from the petition that Petitioner has ever presented this claim to any California court, much less to the

///

1  California Supreme Court.  Nor does Petitioner allege that he has filed any collateral relief in the
2  state courts raising this issue.
3        A petitioner who is in state custody and wishes to collaterally challenge his conviction by a
4  petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The
5  exhaustion doctrine is based on comity to the state court and gives the state court the initial
6  opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501
7  U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991);  Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198,
8  1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).
9        A petitioner can satisfy the exhaustion requirement by providing the highest state court with a
10 full and fair opportunity to consider each claim before presenting it to the federal court.  Picard v.
11 Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.
12 1996).  A federal court will find that the highest state court was given a full and fair opportunity to
13 hear a claim if the petitioner has presented the highest state court with the claim's factual and legal
14 basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v.
15 Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner
16 must have specifically told the state court that he was raising a federal constitutional claim.  Duncan,
17 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  For
18 example, if a petitioner wishes to claim that the trial court violated his due process rights "he must
19 say so, not only in federal court but in state court."  Duncan, 513 U.S. at 366, 115 S.Ct. at 888.
20       The Court must dismiss a petition that contains unexhausted claims, even if it also contains
21 exhausted claims.  Rose, 455 U.S. at 521-22, 102 S.Ct. at 1205; Calderon v. United States Dist.
22 Court (Gordon), 107 F.3d 756, 760 (9th Cir. 1997).
23       Here, it appears that Petitioner has never exhausted his claim regarding the purportedly
24 erroneous abstract of judgment to the California Supreme Court.  Indeed, it appears that the entire
25 petition is completely unexhausted.
26       Petitioner will therefore be ordered to show cause why the Petition should not be dismissed
27 for failing to exhaust state court remedies.  Should it be the case that the claims were exhausted and
28 Petitioner has simply neglected to inform the Court of that fact, Petitioner should make clear when

and in what court the claims were raised.  If possible, Petitioner should present to the Court documentary evidence that the claims were indeed presented to the California Supreme Court.[1]

Normally, if the petition contains some unexhausted claims, Petitioner will be given the option to withdraw the unexhausted claims and go forward with the exhausted claims.  Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir.2000) ("habeas litigants must have opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal").  Here, however, it does not appear to the Court that any claims are exhausted.

Petitioner may alternatively move to withdraw the entire Petition and return to federal court only when he has finally exhausted his state court remedies.  Petitioner should bear in mind, however, that there exists a one-year statute of limitations applicable to federal habeas corpus petitions.  28 U.S.C. § 2244(d)(1); Ford, 305 F.3d at 885-885.  In most cases, the one-year period starts to run on the date the California Supreme Court denied Petitioner's direct review.  See id.  Although the limitations period tolls while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time an application is pending in federal court.  Duncan v. Walker, 531 U.S. 991 (2001).

Finally, Petitioner can do nothing and risk dismissal of the entire Petition should the Court later find that the Petition contains unexhausted claims.

Accordingly, the Court HEREBY ORDERS:

1.      Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the Petition should not be dismissed for failing to exhaust state court remedies.

Petitioner is forewarned that his failure to comply with this order may result in Findings and

///

///

///

---

[1] A copy of the California Supreme Court's denial alone is insufficient to demonstrate exhaustion.  The proper documentation to provide would be a copy of the Petition *filed* in the California Supreme Court that includes the claim now presented and a file stamp showing that it was indeed filed in that Court.

1 | Recommendations recommending that the Petition be dismissed pursuant to Local Rule 11-110.

3 | IT IS SO ORDERED.

4 | Dated: **January 4, 2008**          **/s/ Theresa A. Goldner**
                                        UNITED STATES MAGISTRATE JUDGE