# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY L. SHIVERS, III, | 1:06-cv-1587-AWI-TAG HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR FAILURE |
| vs. | TO EXHAUST STATE COURT REMEDIES (Doc. 1) |
| GROVER TRASK, District Attorney, | |
| Respondent. | ORDER REQUIRING THAT OBJECTIONS BE FILED WITHIN FIFTEEN DAYS |
| / | ORDER DENYING MOTION TO WITHDRAW UNEXHAUSTED CLAIMS (Doc. 10) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

Petitioner filed his petition on November 6, 2008. (Doc. 1). The Court has reviewed the petition and finds that it contains only claims that have not been exhausted through the state court remedies. The petition, which fails to set forth any specific information about Petitioner's conviction, sentence, or present circumstances, appears to allege that Petitioner was sentenced by the Hon. Robert G. Spitzer, Riverside County Superior Court, on an undisclosed date prior to 1998. (Doc. 1, p. 4). It also appears that the California Department of Corrections and Rehabilitation ("CDCR") has, since that time, been advising Judge Spitzer that CDCR believes that the abstract of judgment may contain errors that would affect the execution of Petitioner's sentence. (Doc. 1, pp. 4-11). However, the correspondence attached to the petition indicates that Judge Spitzer has not responded to the CDCR's inquiries. It does not appear from the petition that Petitioner has ever presented this claim to any California court, much less to the

California Supreme Court.  Nor does Petitioner allege that he has filed any collateral relief in the state courts raising this issue.

On January 7, 2008, the Court issued an Order to Show Cause why the petition should not be dismissed for lack of exhaustion.  (Doc. 9).  That Order to Show Cause gave Petitioner thirty days to file a response.  On February 8, 2008, Petitioner filed a motion to withdraw unexhausted claims. (Doc. 10).  The motion indicated that Petitioner was now aware of the need to exhaust his claims in state court.

## DISCUSSION

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546 (1991);  Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v. Henry, 513 U.S. 364. 365, 115 S. Ct. 887 (1995); Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 8-9, 112 S. Ct. 1715 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-366; Lyons v. Crawfiord, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F. 3d 1098, 1106-1107 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366.

///

1       The Court must dismiss a petition that contains unexhausted claims, even if it also contains
2 exhausted claims. Rose, 455 U.S. at 521-522; Calderon v. United States Dist. Court (Gordon), 107
3 F.3d 756, 760 (9th Cir. 1997) (en banc).

4       Here, Petitioner has never exhausted his claim regarding the purportedly erroneous abstract
5 of judgment to the California Supreme Court. It appears that the entire petition is completely
6 unexhausted.

7       Normally, if the petition contains some unexhausted claims, Petitioner will be given the
8 option to withdraw the unexhausted claims and go forward with the exhausted claims. Anthony v.
9 Cambra, 236 F.3d 568, 574 (9th Cir.2000) ("habeas litigants must have opportunity to amend their
10 mixed petitions by striking unexhausted claims as an alternative to suffering dismissal"). Here,
11 however, it does not appear that any claims are exhausted. If Petitioner has not presented his claims
12 for federal relief to the California Supreme Court, the Court must dismiss the petition. See Calderon
13 v. United States Dist. Court, 107 F.3d at 760; Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir.
14 1997). The Court cannot consider a petition, such as the instant petition, that is entirely
15 unexhausted. Rose v. Lundy, 455 U.S. at 521-522; Calderon, 107 F.3d at 760.

16       Here, Petitioner has requested leave to withdraw his unexhausted claims; however, since all
17 the claims are unexhausted, to grant Petitioner's motion would result in a petition that contained no
18 claims whatsoever. Therefore, the only alternative is to deny Petitioner's motion and dismiss the
19 petition in its entirety.

**ORDER**

21       In light of the foregoing, the Court HEREBY ORDERS that Petitioner's motion to withdraw
22 his unexhausted claims (Doc. 10), is DENIED.

**RECOMMENDATIONS**

24       Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas
25 corpus (Doc. 1), be DISMISSED for lack of exhaustion.

26       These Findings and Recommendations are submitted to the United States District Judge
27 assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the
28 Local Rules of Practice for the United States District Court, Eastern District of California. Within

fifteen (15) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **March 31, 2008**                               **/s/ Theresa A. Goldner**
                                                        UNITED STATES MAGISTRATE JUDGE